```
                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                           HOUSTON DIVISION


FRANCESCA'S COLLECTIONS, INC.,    §
                                  §
     Plaintiff,                   §
                                  §
v.                                §   CIVIL ACTION NO. H-11-307
                                  §
MELISSA MEDINA and FRANCESCA'S    §
CLOTHING BOUTIQUE, INC.,          §
                                  §
     Defendants.                  §
```

MEMORANDUM AND ORDER

Pending is Defendants Melissa Medina and Francesca's Clothing Boutique, Inc.'s ("FCBI") Amended Motion to Dismiss For Lack of Personal Jurisdiction and Improper Venue (Document No. 9).[1] Plaintiff Francesca's Collections, Inc. ("Francesca's") alleges trademark infringement and dilution, unfair competition, and cybersquatting against Defendants, in violation of the Lanham Act and applicable state law. Plaintiff seeks a preliminary and permanent injunction on Defendants' advertising, marketing, selling or rendering any product under the allegedly infringing marks or website name, and requests damages.[2] Defendants move to dismiss

---

[1] Plaintiff Francesca's Collections, Inc. has also filed a Motion to Strike Defendants' Affidavits (Document No. 12). This motion will be DENIED AS MOOT because the Court does not rely upon any of the challenged statements in the affidavits to reach its conclusion.

[2] Document No. 9 at 12.

the action under Federal Rule of Civil Procedure 12(b)(2) and (3) for lack of personal jurisdiction and improper venue.[3]

Francesca's has established that specific personal jurisdiction exists because each claim arises out of an alleged contact with Texas: the sale of a clothing product[4] to a Center Point, Texas[5] resident through Defendants' website, www.francescasonline.com, while Defendants' allegedly "infringing marks were displayed prominently on the web site."[6]  However, Francesca's has not shown that venue is proper in the Southern District of Texas.

"Once a defendant raises the issue of improper venue, the plaintiff has the burden to prove that venue is proper."  Glazier Group, Inc. v. Mandalay Corp., No. H-06-2752, 2007 WL 2021762, at *12 (S.D. Tex. 2007) (Rosenthal, J.).  Uncontested allegations in the complaint are taken as true, and factual conflicts are resolved

---

[3] Id. at 1.

[4] Both FCBI and Francesca's sell women's clothing.

[5] Document No. 13, ex. A1 at 6.  Center Point, Texas is located northwest of San Antonio and outside of the Southern District of Texas.

[6] Document No. 13 at 3; see Tempur-Pedic Int'l, Inc. v. Go Satellite Inc., 758 F. Supp. 2d 366, 373-76 (N.D. Tex. 2010) (holding that personal jurisdiction was proper where defendant had made at least two online sales of allegedly infringing products to Texas residents through its website); Sinko v. St. Louis Music Supply Co., 603 F. Supp. 649, 651 (W.D. Tex. 1984) (finding that a single sale under the allegedly infringing marks to an Austin, Texas company was enough to establish specific personal jurisdiction in Texas).

in the plaintiff's favor.  McCaskey v. Cont'l Airlines, Inc., 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001).  Francesca's asserts that venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this district.[7]

Courts addressing trademark venue consider several factors, such as "whether the allegedly infringing labels were affixed in the district, whether confusion to consumers is likely to occur in the district, whether sales occur there, and whether the defendant actively targeted the district for advertising or other sales-related purposes."  14D CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3806.1, at 216 (3d ed. 2007); *see also* Cottman Transmission Sys. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994) (noting that "a cause of action for trademark infringement arises where the passing off occurs" (quoting Tefal, S.A. v. Prods. Int'l Co., 529 F.2d 495, 496 n.1 (3d Cir. 1976) and citing Indianapolis Colts, Inc. v. Metro. Baltimore Football Club, Ltd., 34 F.3d 410, 412 (7th Cir. 1994); Vanity Fair Mills v. T. Eaton Co., 234 F.2d 633, 639 (2d Cir. 1956))); IA, Inc. v. Thermacell Techs., Inc., 983 F. Supp. 697, 699-700 (E.D. Mich. 1997) ("For claims of 'passing off' under the Lanham Act, courts have found venue proper under § 1391(b)(2) in districts where confusion about the origin of the product is likely to occur because this constitutes the 'events or

---

[7] Document No. 13 at 2.

omissions giving rise to the claim.'" (quoting 28 U.S.C. § 1391(b)(2) and collecting cases)).

Here, there have been minimal, if any, events or omissions by either Defendant in the Southern District of Texas that give rise to Francesca's claims. Francesca's makes a conclusory allegation that "claims against Defendants arose from Defendants' above-described advertising, marketing, and sales activities in this District."[8] However, there is no allegation or evidence that any sales occurred in this district; Plaintiff's only evidence is that Defendants accepted and shipped one order to a Texas resident not within the Southern District of Texas.[9] With respect to this district, the only "event or omission" is that Defendants' interactive website and page on the social networking site Facebook[10] are accessible to this district's residents, which may in turn cause confusion in this district.

"In evaluating venue in cases involving internet transactions, courts have found it 'useful to compare the law on personal jurisdiction to the law of venue in order to assess the appropriateness of plaintiff's chosen venue.'" Adobe Sys. Inc. v. Childers, No. 5:10-cv-03571-JF/HRL, 2011 WL 566812, at *8 (N.D. Cal. Feb. 14, 2011) (quoting Dakota Beef LLC v. Pigors, 445 F.

---

[8] Document No. 13 at 10.

[9] See Document No. 13, ex. A1 at 6.

[10] See Document No. 13 at 9; id., ex. A1 at 6.

4

Supp. 2d 917, 920 (N.D. Ill. 2006)); *see also* Hsin Ten, 138 F. Supp. 2d at 460 (applying "the same principles developed to determine whether a website confers personal jurisdiction" to a venue determination, and collecting cases doing same). Thus, courts in a venue analysis often consider the subject website's degree of interactivity, which is viewed through the lens of the "sliding scale" set forth in Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997), and which has been drawn upon by the Fifth Circuit to determine "whether the operation of an internet site can support the minimum contacts necessary for the exercise of personal jurisdiction." Revell v. Lidov, 317 F.3d 467, 470 (5th Cir. 2002). On one end of the scale are "passive" sites, which merely allow "the owner to post information on the internet," and on the other end are "sites whose owners engage in repeated online contacts with forum residents over the internet," wherein personal jurisdiction "may be proper." Id. (citing Zippo, 952 F. Supp. at 1124). In the middle ground are "sites with some interactive elements, through which a site allows for bilateral information exchange with its visitors." Id.

Here, Defendants' website was interactive when this suit was filed, and visitors could place orders for shipment on the website. However, the mere presence of an interactive website is insufficient to confer venue where, as here, a plaintiff presents no evidence of *actual interactivity* within the district, nor of

sales, shipments, or any other commercial activity within the district. *See* Dakota Beef, 445 F. Supp. 2d at 920-21 (granting the defendant's motion to dismiss for improper venue when the alleged infringement occurred on one passive website and on an interactive website that had never fulfilled any orders or shipped anything to Illinois); *cf.* Adobe, 2011 WL 566812 at *8 (finding venue proper where, despite "no evidence of any sales in the district," the defendant operated a "highly interactive website" *and* had "numerous contracts with Northern California software companies, service providers, and advertisers," which relationships therefore created "an increased likelihood for confusion for consumers in this district").[11]

Were it otherwise, then in any case involving only a website through which *potential* commercial interactions could be made, even though none had ever occurred, the reach of the internet alone would make venue proper in any district in the United States, or

---

[11] *But see* Ansel Adams Pub. Rights Trust v. PRS Media Partners, LLC, No. C 10-03740 JSW, 2010 WL 4974114, at *2 (N.D. Cal. Dec. 1, 2010) (finding venue proper despite lack of sales in the district because the defendants advertised the allegedly infringing goods "through a website accessible by consumers in the Northern District of California," and "consumers may purchase Defendants' prints and posters directly through the website"); Hsin Ten, 138 F. Supp. 2d at 460-61 (finding that, despite the lack of sales in the district, venue was proper under section 1391(b)(2) when "[a]pplying the same principles as applied in the personal jurisdiction context" due to the defendant's websites, which permitted "a high level of interactivity" in view of the sites enabling visitors to make online purchases, download order forms, download applications to become affiliates, and ask representatives questions online).

indeed, anywhere in the world, regardless of whether any acts were directed at the forum itself.  This would stretch the notion of venue far beyond its accepted bounds.  *See* Cottman, 36 F.3d at 294 ("Substantiality [in the general venue statute] is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute."); Hsin Ten, 138 F. Supp. 2d at 460 ("The guiding principle is that the creation of a website--which by its nature can be viewed anywhere--should not permit suit in every judicial district in the United States."); *cf.* G.F.C. Fashions, Ltd. v. Goody's Family Clothing, Inc., No. 97 Civ. 0730, 1998 WL 78292, at *2 (S.D.N.Y. Feb. 24, 1998) ("[A]ll courts applying § 1391(b) seem to agree that, at the very least, the defendant must have *targeted its market and advertising efforts at the district in question*, or have *actually sold* its products there." (emphasis added)).[12]

For these reasons, the Court concludes that Francesca's has failed to show that venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b)(2).  A "court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

---

[12] Indeed, at the June 10, 2011 scheduling conference, counsel for Francesca's conceded that he would not assert venue to be proper in, for example, China, merely because of Defendants' website.  However, there is no meaningful way to distinguish between any given location anywhere in the world if a website through which orders can be placed for shipment is--without any actual order or shipment--sufficient to confer venue.

transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transfer may be "upon a motion or sua sponte," Caldwell v. Palmetto State Sav. Bank of S.C., 811 F.2d 916, 919 (5th Cir. 1987), and is the presumed procedure for addressing improper venue; "dismissal is only appropriate in unusual circumstances." 14D WRIGHT ET AL., *supra*, § 3827, at 605. "District courts . . . are likely to order transfer rather than to dismiss the action if it would be more efficient or economical to do so or if the plaintiff's belief that venue was proper was in good faith and reasonable." Id. at 589-90 (footnotes and citations omitted).

Here, there is no indication that Francesca's filed suit in this venue in bad faith, and the interests of efficiency would be served by a transfer to the Northern Division of the District of New Mexico, in which venue is plainly proper in view of the presence of both defendants and their physical storefronts within Taos County, New Mexico.[13] *See* Overland, 79 F. Supp. 2d at 813 ("This Court will not dismiss this civil action for lack of venue because an alternate appropriate forum easily can be found . . . ."). Accordingly, the Court will transfer this case to the Northern Division of the District of New Mexico. For the foregoing reasons, it is

---

[13] FCBI stores are located in Arroyo Seco and in El Prado, New Mexico. *See* Document No. 13, ex. A1 at 3-4. Both are located in Taos County, which is within the Northern Division.

ORDERED that Francesca's Collections, Inc.'s Motion to Strike Defendants' Affidavits (Document No. 12) is DENIED AS MOOT; Defendants Melissa Medina and Francesca's Clothing Boutique, Inc.'s Amended Motion to Dismiss For Lack of Personal Jurisdiction and Improper Venue (Document No. 9) is GRANTED with respect to the venue challenge; and this case is TRANSFERRED to the Northern Division of the United States District Court for the District of New Mexico.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas, on this 7th day of September, 2011.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE